PRICE, Judge.
This is a tort action in which plaintiff seeks to recover for personal injuries and medical expenses allegedly resulting from a fall which she sustained on the premises of one of the defendants on June 26, 1965. On this date the plaintiff, a seventy-two year old woman, was a tenant in an apartment owned by defendant, Madison Park Apartments, Inc., in the City of Shreveport. She experienced a fall in a laundry room maintained by the lessor for the convenience of its lessees. Also made defendant in this action was Fireman’s Fund American Insurance Companies, the liability insurer of the defendant lessor.
Plaintiff alleged that she sustained the fall because of the slippery condition of the floor of the laundry room caused by the negligence of the lessor in failing to keep the laundry room floor free of water and in failing to maintain the roof of the structure in a proper state of repair to prevent rainwater from collecting on the *495 floor. Defendant in its answer denied any negligence and claimed that the accident occurred solely from the negligence of the plaintiff in failing to maintain a proper lookout for her own care and safety under the conditions known by her to have existed at the time. In the alternative, defendants specially pleaded the doctrine of contributory negligence based on the same acts or omissions of plaintiff.
The evidence discloses that the laundry room involved in this litigation is located in a separate building from the apartment complex. It is small and described by witnesses as having dimensions approximately the length of a jury box. There are two entrances to the facility, one on the north side and one on the east.
On the morning of the accident plaintiff had gone to the laundry room to wash a number of towels. She made her entry through the northerly entrance. After starting the washing machine, she left the room through the same entrance. Mrs. Franklin returned a short while later in the company of a neighbor, Mrs. Minnie Morris. They entered through the easterly doorway with plaintiff walking in front of Mrs. Morris. According to the testimony of plaintiff, she had taken three or four steps into the laundry room when her foot slipped and she fell, striking her head on the floor.
Mrs. Morris testified there was a quantity of water on the floor at the point where plaintiff fell and this caused her to lose her footing. Each of these ladies testified it had rained the previous day and that the roof of the building always leaked when it rained and allowed water to collect on the floor of the laundry room. They further testified that this condition had existed for quite a long period of time and that a number of complaints had been made to the lessor concerning the condition of the laundry room. ,
We are convinced that the premises were in a defective condition which would ordinarily render the landlord liable for any injuries caused by such defective condition. However, we must first resolve the question of contributory negligence charged against plaintiff, as any negligence found on her part which is a contributing cause of the accident will preclude recovery by her.
Photographs introduced in evidence show the laundry room to be well illuminated in daylight hours by several windows and the door openings. This accident happened in the morning hours of a bright, sunny day.
Mrs. Franklin admitted in her testimony that she was aware that water sometimes stood on the floor of the laundry room after a rain. She also testified that it had rained the previous day. In addition to this admitted knowledge on her part, she had entered this room through the other entrance earlier that morning and had ample opportunity to have viewed the water on the floor.
We must reach the conclusion that had there been water present on the floor in the area as contended by plaintiff, it would have been very easy for a person entering through the easterly entrance to have discovered its presence immediately on entry into the room. Plaintiff testified she did not see the water on the floor before the accident. She admitted taking three or four steps into the room, however, before losing her footing.
We believe that the plaintiff was negligent in not keeping a proper lookout for her own safety and that this was a proximate cause of the accident.
The cases cited by appellant to rebut the charge of contributory negligence mostly involve slip and fall accidents in commercial establishments and are not apposite to cases involving a lessor and lessee.
For the foregoing reasons the judgment appealed from is affirmed at appellant’s cost.